VILÁ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Consolidation and Purchase and Sale.

No. 429.—Decided December 15, 1919.

RECORD OF TITLE—CONSOLIDATION OF PROPERTIES—SEPARATE PROPERTY—CONJU-
GAL PARTNERSHIP PROPERTY.—Although the consolidation of two adjoining
rural properties, one of which is the separate property of one of the spouses
and the other partly belongs to him and partly to the conjugal partnership,
cannot be recorded, this does not prevent that the properties, if sold to a
single purchaser, may be recorded in his name as one property if he so de-
sires and requests.

The facts are stated in the opinion.
*Mr. José G. Torres* for the appellant.
The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On November 29, 1912, Juan Sanjurjo and his wife, Fe-lipa Mojica, as parties of the first part, and Rodolfo Vilá, the appellant, as party of the second part, appeared before a notary public and executed a public instrument from which the following appears: Sanjurjo inherited from his father a property of 35 acres. He segregated and sold 10 acres of this property to David Carrión, which left him 25 acres.

From this property he segregated and sold 20 acres to the said Rodolfo Dávila prior to the execution of the deed, leaving him 5 acres. Sanjurjo was also the owner of 13.33 acres of land of which he acquired half by inheritance from his father and half by purchase from his brother. Out of this property he sold 9.33 acres to Tomás Sanjurjo, leaving him a balance of 4 acres. These facts having been recited, Juan Sanjurjo stated that he desired to consolidate into one property what was left to him of the two properties to which reference had been made. Then Sanjurjo and his wife sold the property so consolidated to Vilá, who not only purchased the property, but, stating in the same deed that the property of 9 acres which he was purchasing adjoined the property of 20 acres which he had previously purchased, also decided to consolidate them in order that they might be recorded as one property.

The deed having been presented for record, the registrar, on the 7th of July, last, refused to record the deed for the reason that the consolidation of the properties of 5 and 4 acres by Sanjurjo into a property of 9 acres was not according to law because one was his separate property and half of the other was conjugal partnership property. The vendee thereupon took the present appeal.

If it were sought only to record the first consolidation, we would agree with the registrar. See Art. 61 of the Regulations for the Execution of the Mortgage Law and the cases of *Muñoz* v. *Registrar of Caguas,* 25 P. R. R. 786, and *Berríos* v. *Registrar of Caguas, ante,* p. 821.

But what is really sought to be recorded is the purchase by Vilá from the spouses Sanjurjo and, as the registrar has not questioned that contract, it is not proper to delay the record of the same because something therein not essential to the purchase and sale is incorrect. Whether consolidated or not, the properties were sold. If the consolidation is void, let it be so considered, but let us proceed with a spirit of facilitating transactions between men. The properties having

been acquired by the vendee, consolidated or not, there is the sole owner which the statute requires. And that sole owner states also his desire to consolidate all that he had acquired by that deed as well as by a former contract, inasmuch as the properties adjoined. And there is nothing in the law to oppose him. He is the sole owner of lands which adjoin and instead of recording them separately in accordance with law and jurisprudence he can consolidate them and have them recorded in the registry so consolidated. The decision appealed from must be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment and in the opinion save as to its penultimate paragraph.